**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

UNITED STATES OF AMERICA

vs.

KEVIN KNISELY
_____/

CASE NO: 02-20025

DISTRICT JUDGE DAVID M. LAWSON
MAGISTRATE JUDGE CHARLES E. BINDER

**ORDER DETAINING DEFENDANT AFTER INITIAL APPEARANCE
ON PETITION ALLEGING VIOLATION OF SUPERVISED RELEASE**

At 4:48 p.m. on Friday, December 4, 2009, the Defendant had his initial appearance on allegations of supervised release violations.  The Defendant was previously convicted of Possession with Intent to Distribute Methamphetamine and Possession of a Firearm in furtherance of a Drug Trafficking Crime in violation of 18 U.S.C. §§841(a)(1) and 924(c)(1).

After review of the Petition filed against the Defendant as well as a Financial Affidavit, I concluded that the Defendant qualified for the appointment of counsel, and I directed that counsel be appointed.

After consultation with counsel, the Defendant was given the advisement of rights provided Fed. R. Crim. P. 32.1(b)(1).  After further consultation with counsel, the Defendant waived the preliminary hearing provided for in Fed. R. Crim. P. 32.1(b)(1)(A).  After questioning the Defendant on the record, I concluded that this waiver was knowingly and intelligently made.

The Government moved to detain the Defendant pending the revocation hearing. Fed. R. Crim. P. 32.1(a)(6) gives this Magistrate Judge the authority to release or detain a person charged with supervised release violations under 18 U.S.C. § 3143(a).  The statute establishes a presumption in favor of detention that is rebuttable only upon the Defendant showing, by clear and convincing evidence, that he or she is not likely to flee or pose a

danger to any other person or the community. Fed. R. Crim. P. 32.1(a)(6).  Moreover, since the Defendant has been convicted of a violation of the Controlled Substances Act for which the sentence is greater than 10 years imprisonment, 18 U.S.C. §§ 3143(a)(2) and 3142(f)(1)(C) give rise to a separate rebuttable presumption that there are no conditions which will reasonably assure the safety of the community.[1]

On the record, counsel for the Defendant acknowledged that the Defendant could not meet the burden established by the provisions cited above.  Therefore, I find that the Defendant has failed to rebut the presumption in favor of detention in accordance with the requirements established by Fed. R. Crim. P. 32.1(a)(6), 18 U.S.C. §§ 3143(a), 3142(f)(1)(C).

Accordingly, pursuant to 18 U.S.C. § 3142(d)(1)(A)(iii), **IT IS ORDERED** that the Defendant is temporarily detained until the revocation hearing before United States District Judge David Lawson, and which is scheduled for **Monday, December 21, 2009, at 2:00 p.m** in Detroit.

Review of this Order is governed by 18 U.S.C. § 3145 and E.D. Mich. L.R. 57.2.

 s/ *Charles E Binder*
 CHARLES E. BINDER
Dated: December 8, 2009      United States Magistrate Judge


**CERTIFICATION**

I hereby certify that this Order was electronically filed this date, served on the Bay City U.S. Attorney's Office and Robert Dunn by other electronic means, and served on Probation Officer Peggy Walkowiak, the Bay City U.S. Marshal's Office and District Judge Lawson in the traditional manner.

Date: December 8, 2009         By   s/*Jean L. Broucek*
                               Case Manager to Magistrate Judge Binder

---

[1] 18 U.S.C. § 3143(a)(2)(B) states that the court "shall order" detention "unless...the judicial officer finds by clear and convincing evidence that the person is not likely to flee or pose a danger to any other person or the community."  The statute also requires that the court find a substantial likelihood that a motion for acquittal or new trial will be granted or that the government has recommended no sentence of imprisonment be imposed on the person.  18 U.S.C. § 3143(a)(2)(A)(i) and (ii).  However, since I find Defendant cannot meet the requirements of subsection (B), I need not consider those in subsection (A).